IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>WILLIAM PATRICK MITCHELL, et al.,<br><br>Defendants. | Case No. 1:21-cr-00090-SAG |

## GOVERNMENT'S MOTION IN LIMINE NO. 2

The United States of America, by its undersigned counsel, moves to exclude evidence of the related qui tam, *United States ex rel. Plunkert v. Maryland Broadband Cooperative, et al.*, Case No. 1:19-cv-03375-SAG.

Defendant William Patrick Mitchell was the President and Chief Executive Officer of the Maryland Broadband Cooperative, Inc. ("MdBC") from 2009 to 2019. *See* Superseding Indictment, ECF No. 9 Count 1, ¶ 6. MdBC is a not-for-profit corporation whose goal is to work with internet service providers to offer broadband internet service to under-served and un-served areas in Maryland. *Id.* ¶ 2.

The Superseding Indictment alleged that Mitchell abused his position as President and CEO by: (1) soliciting and receiving bribes on a $24 million federal project, known as the Pax River Project;[1] and (2) using MdBC funds to pay for personal expenses. *See*, *generally*, *id.*

As to the bribery charges, the Superseding Indictment alleged that Mitchell solicited and received kickbacks from Defendant Wayne I. Kacher, Jr., who was the owner of Bel Air Underground, Inc. ("BAU"), an underground utility company, and Pro Comm Locating Services,

---

[1] In 2008, MdBC entered into a cooperative agreement with the Naval Air Warfare Center Aircraft Division to install a fiber optic broadband connection between a NASA facility at Wallops Island Virginia and Patuxent River Naval Air Station. *Id.* ¶¶ 14-18.

a utility locating company. *Id.* ¶¶ 9-10. BAU and Pro Comm worked as subcontractors for MdBC. From 2014 to 2018, MdBC paid Kacher's businesses $9.8 million, including $6.8 million for work on the Pax River Project. *Id.* The Government will show at trial that while these payments were purportedly for work performed by Kacher's business for MdBC, many of these payments were used for Kacher to meet other financial needs. During this same period, Kacher made more than $100,000 in kickback payments to Mitchell. *Id.* ¶¶ 33-34.

As to the theft, the Superseding Indictment alleges that Mitchell frequently used MdBC funds for personal expenditures, including to service and maintain his boat in Florida and to take a vacation to Costa Rica with another MdBC employee, Employee . *Id.* at 22-24. Oftentimes, these expenses would be recorded as "marketing" expenses. *Id.* The Government charged approximately $160,000 of unlawful expenditures. *See id.*

On November 25, 2019, a former MdBC employee, Krah Plunkert, filed a qui tam on behalf of the United States under the False Claims Act against MdBC, Mitchell, Kacher, BAU, and Pro Comm. *See* ECF No. 1, Case No. 1:19-cv-03375-SAG ("Qui Tam"). The Relator alleged that Mitchell: (1) embezzled money; (b) charged for work that was not performed and for costs that were not incurred; and (c) engaged in bid-rigging with subcontractors, and accepted kickbacks. *See id.* at 3. The United States declined to intervene in the matter. Qui Tam, ECF No. 25. The Relator voluntarily dismissed Kacher, Pro Comm, and BAU. Qui Tam, ECF No. 66 and 67. The remaining parties settled the matter on March 20, 2024. Qui Tam, ECF No. 93.

The Government is moving to exclude evidence of the Qui Tam. The United States declined to intervene in the Qui Tam, and it was subsequently settled. The United States is not calling the Relator, Mr. Plunkert, as a witness, and the United States does not believe that it is calling any witness who testified at a deposition in the Qui Tam. Mr. Kacher and his businesses

were dismissed from the qui tam. Now that the Qui Tam has settled, the Government does not see any relevance of the Qui Tam. To the extent that the Court finds any relevance to the testimony, any relevance is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, and wasting time under Rule 403.

    Wherefore, the United States respectfully requests that the Court grant its Motion in Limine No. 2.

                                             Respectfully submitted,

                                             Erek L. Barron
                                             United States Attorney

                       By: \_\_\_\_\_/s/_____
                                           Matthew P. Phelps
                                           Christine Goo
                                           Assistant United States Attorneys