IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | Criminal No. 21-cr-00090-SAG |
| | * | |
| **WILLIAM PATRICK MITCHELL**, *et al.*, | * | |
| | * | |
| **Defendants.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

A criminal jury trial is scheduled to begin on May 13, 2024 in this case with two defendants, William Patrick Mitchell and Wayne I. Kacher, Jr. Presently pending are six motions in limine: (1) Mr. Kacher's Motion for Advance Ruling on Jury Instructions, ECF 96; (2) Mr. Kacher's Motion to Exclude Proffer Evidence, ECF 97; (3) Mr. Kacher's Motion to Exclude Hearsay Testimony and Lay and Expert Opinion Using the Word "Kickback," ECF 98; (4) Mr. Mitchell's Motion to Exclude Testimony And/Or Exhibits Related to Severed Counts, ECF 101; (5) the Government's Motion to Admit Limited Evidence of Theft, ECF 103; and (6) the Government's Motion to Exclude Evidence of Qui Tam, ECF 104. The parties have submitted briefing on these issues, ECF 114, 119, 120, 121, 122, 123, 124, 127, 128, 129, 130, 132, 133, and no hearing is presently necessary. *See* Loc. R. 105.6 (D. Md. 2023). To assist the parties in preparing for the pre-trial conference and for trial, this Court rules as follows:

I.  **MOTION FOR ADVANCE RULING ON JURY INSTRUCTIONS**

This Court will DENY the motion to determine in advance what jury instructions will be used at trial. It is simply not practicable to make that determination before the evidence at trial is largely concluded. This Court can provide the following guidance, however, regarding its intent with respect to the jury instructions. As it does in every criminal case, this Court will base its jury

instructions on the *Sand & Siffert* model jury instructions, presented in the order of the charges listed in the Superseding Indictment, with appropriate alterations to those model instructions based on (1) the evidence presented at trial and (2) Fourth Circuit precedent. If the evidence at trial suggests that additional or modified instructions are warranted to align the model jury instructions with the facts of the case and governing Fourth Circuit law, this Court will of course make appropriate modifications. This Court will not, however, write an entire set of free-form instructions as proposed in this motion.

Additionally, this Court can rule at this stage that it will not give a "missing witness" instruction relating to an interview report. Mr. Kacher is not a missing witness and he can make a determination, with the advice of his counsel, regarding whether he chooses to testify at trial.

II. **MOTION TO EXCLUDE PROFFER EVIDENCE**

As the Government has represented that it will not use evidence from Mr. Kacher's proffer during the trial, ECF 118, 123, this Court will DENY the motion as MOOT, without prejudice to its renewal should the issue resurrect itself in light of trial testimony. This Court also intends to permit the Government to introduce text messages referring to the word "double" as a thing of value, because the messages do not refer to the proffer information referring to "double" as $2,000.

III. **MOTION TO EXCLUDE EVIDENCE USING THE WORD "KICKBACK"**

The Government has similarly represented that it does not intend to use the three pieces of evidence Mr. Kacher sought to exclude in his motion. ECF 98. Therefore, this Court will also DENY this motion as MOOT. This Court does not intend to preclude all use of the word "kickback" during this trial, as the Government is entitled to present its theory of the case. This Court also will not attempt to predict and rule on any possible use of the word "kickback" in advance of the trial, but will consider evidentiary issues as they arise.

### IV.  DUELING MOTIONS RELATING TO EVIDENCE OF EMBEZZLEMENT AND THEFT

Two of the pending motions relate to evidence of Mr. Mitchell's theft and corporate expenditures: Mr. Mitchell's motion to exclude such evidence, ECF 101, and the Government's motion to admit such evidence, ECF 103. The Government has limited its efforts to admit such evidence to three specific items, and it represents that its presentation of evidence on these matters would not exceed thirty minutes in total. The three items are: (1) that Mr. Mitchell used Maryland Broadband funds to pay for expenses for his personal boat, which was docked in Florida; (2) that Mr. Mitchell used company funds to pay for a vacation for himself, his co-worker, and their spouses in Costa Rica; and (3) that Mr. Mitchell "frequently purchased new company vehicles (typically expensive Ford trucks) and would purchase upgrades and enhancements to those vehicles." ECF 103 at 3. The Government argues that the evidence is permissible under Federal Rules of Evidence (FRE) 401 and 404(b), in that it shows the "loosely-compliant" culture of expenditures at Maryland Broadband and demonstrates that Mr. Mitchell had the "opportunity" and "intent" to avail himself of that culture to enrich himself personally and live a lavish lifestyle. Defendants disagree with those contentions and further contend that any probative value of the evidence is substantially outweighed by the unfair prejudice to both defendants from its admission. Thus, Defendants posit that the evidence is inadmissible pursuant to FRE 403.

This Court agrees with the Government that all three items of evidence may be relevant under FRE 401 and 404(b) because they are at least somewhat probative of Mr. Mitchell's intent and opportunity. Specifically, his alleged ability to engage in largely unfettered spending is relevant to the charged offenses of conspiracy and bribery because the funds provide a potential means of unlawful enrichment. However, in considering the evidence's admissibility under FRE 403, this Court reaches a split decision. With respect to the evidence that Mr. Mitchell used

3

Maryland Broadband funds for purely personal expenditures relating to his boat and to a vacation, this Court believes that conduct amounting to theft or embezzlement creates grave danger of unfair prejudice to Mr. Mitchell and, more significantly, to Mr. Kacher. In a case appearing to turn solely on the defendants' intent (whether their transactions were gratuities or bribes), evidence that one of the defendants was simultaneously engaging in another criminal offense would be highly prejudicial. This Court therefore adheres to its ruling when it severed the embezzlement and theft charges from this bribery scheme, and will not admit that particular evidence at this trial.

This Court does not believe, however, that the evidence relating to Mr. Mitchell's frequent purchases of expensive company vehicles creates the same degree of prejudice. That evidence might suggest freewheeling or less-than-judicious spending of corporate funds, but it does not constitute a crime. Accordingly, the probative value of that evidence is not substantially outweighed by the danger of prejudice, and it will be admitted.

## V.    MOTION TO EXCLUDE EVIDENCE OF QUI TAM PROCEEDING

The Government has moved to exclude any evidence of the related *qui tam* proceeding, *United States ex rel. Plunkert v. Maryland Broadband Cooperative, et al.,* Case No. 1:19-cv-03375-SAG. That case is now fully resolved, and this Court fails to see any relevance of that case to this proceeding, particularly given that the Government will not call the relator in that case as a witness. This Court will therefore GRANT the motion to exclude, subject to reconsideration if the Government opens the door to testimony regarding the *qui tam* or if the defendants can make a specific proffer regarding how evidence relating to the *qui tam* would show a witness's bias.

## VI.    CONCLUSION

For the reasons stated above, this Court DENIES the motion for advance ruling on jury instructions, ECF 96; DENIES AS MOOT the motions to exclude the proffer and evidence relating

4

to the word "kickback," ECF 97 and 98; GRANTS IN PART and DENIES IN PART the dueling motions to exclude evidence of theft and the motion to admit limited evidence of theft, ECF 101 and 103; and GRANTS the motion to exclude evidence of the *qui tam* proceeding, ECF 104. A separate order of judgment follows.

Dated: April 24, 2024

            /s/
Stephanie A. Gallagher
United States District Judge